**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BCS & ASSOCIATES BUSINESS CONSULTING SERVICES, INC., dba BCA & ASSOCIATES,<br><br>    Plaintiff,<br><br>vs.<br><br>ESSENTIA HEALTH, a Minnesota nonprofit corporation; ESSENTIA HEALTH dba ESSENTIA HEALTH SERVICES; ESSENTIA HEALTH dba ESSENTIA COMMUNITY HOSPITALS & CLINICS; and BENEDICTINE HEALTH SYSTEM, a Minnesota corporation; JOHN and JANE DOE; BLACK ENTITIES I-X,<br><br>    Defendants. | No. CV 09-00814-PHX-MHM<br><br>**ORDER** |

Currently before the Court are Defendants Essentia Health's and Benedictine's ("Defendants'") Motion to Dismiss Plaintiff BCS & Associates Business Consulting Services, Inc.'s ("Plaintiff's") Complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Having determined that oral argument is unnecessary, the Court issues the following order.

**I.    BACKGROUND**

On April 17, 2009, Plaintiff filed the instant complaint against Defendants. Plaintiff is a bank consulting firm in Arizona that analyzes banking related activities for

companies. (Plaintiff's Exh. A at 2)  Defendants are nonprofit corporations headquartered in Minnesota.  (Doc. 11 at 2)  Defendants own and manage hospitals and long-term care facilities in Minnesota, Idaho, Kansas, Illinois, Missouri, Montana, North Dakota and Wisconsin. (Doc. 11 at 2)  Plaintiff alleges that in April 2007,  Defendants hired Plaintiff to determine a more cost effective banking method by analyzing Defendants' bank statements, policies and practices.  (Doc. 1 at 2; Plaintiff's Exh. A at 2)  Plaintiff also alleges that between May and September 2008, Defendants' hospitals, care-centers, affiliates and subsidiaries mailed their banking records to Plaintiff's office in Arizona for analysis. (Plaintiff's Exh. A at 4)  According to Plaintiff, various employees from Defendants' hospitals, care centers, affiliates and subsidiaries contacted Plaintiff by phone during this time.  (Plaintiff's Exh. A at 6)   Defendants and Plaintiff agree that Defendants' main interaction with Plaintiff and the State of Arizona was through mail and telephone communications.  (Doc. 11 at 5; Plaintiff's Exh. A at 6)  Plaintiff's claim arises out of an outstanding invoice for approximately $200,000 for services rendered to Defendants.  (Doc. 12 at 11)

## II. STANDARD OF REVIEW

To establish personal jurisdiction, the plaintiff must show that: (1) the forum state's long arm statute confers jurisdiction over the nonresident defendant and (2) the exercise of jurisdiction comports with the principles of due process.  Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 269 (9th Cir. 1995).  Arizona's long arm statute confers jurisdiction to the maximum extent allowed by the Due Process Clause of the United States Constitution. Ariz. R. Civ. P. 4.2(a); Doe v. Am. Nat'l Red Cross, 112 F.3d 1048, 1050 (9th Cir. 1997).  Therefore, the issue before the Court is whether the exercise of jurisdiction over Defendant accords with the Due Process Clause.  See Omeluk, 52 F.3d at 269.

Where an evidentiary hearing is not held, dismissal for lack of personal jurisdiction is appropriate only if the plaintiff has not made a prima facie showing of personal jurisdiction.  Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d 299, 300 (9th Cir. 1986). "Uncontroverted allegations in [the plaintiff's] complaint must be taken as true, and conflicts

between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists." Am. Telephone & Telegraph Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996) (citing WNS, Inc. v. Farrow, 884 F.2d 200, 203 (5th Cir. 1989)).  However, a court may not assume the truth of allegations in a pleading that are contradicted by affidavit. Data Disc., Inc. v. Systems Tech. Assoc., 557 F.2d 1280, 1284 (9th Cir. 1977).  If the plaintiff is able to meet its prima facie burden, the movant can nevertheless continue to challenge personal jurisdiction either at a pretrial evidentiary hearing or at trial itself. Metropolitan Life Ins. Co. v. Neaves, 912 F.2d 1062, 1064, n.1 (9th Cir. 1990).

## III. DISCUSSION

Due Process requires that a nonresident defendant have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal citation omitted). There are two types of personal jurisdiction: general and specific. Perkins v. Benquet Consol. Mining, Co., 342 U.S. 437, 445 (1952).  General jurisdiction exists where a non-resident defendant engages in substantial, continuous or systematic activities within the forum. Id.  When a court has general jurisdiction over a defendant, the defendant may be hailed into that court for any claim, even one that does not arise from the defendant's contacts with that jurisdiction. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984). However, when a defendant's contact with the forum does not rise to the level required for general jurisdiction, a court may have specific jurisdiction over a claim when the claim arises from the defendant's activities within that forum. Shute v. Carnival Cruise Lines, 897 F.2d 377, 381 (9th Cir. 1990), *rev'd on other grounds,* 499 U.S. 585, 111 S. Ct. 1522 (1991). In their Motion to Dismiss, Defendants argue that they are not subject to general or specific jurisdiction in Arizona. Plaintiff contends that Defendants are subject to both general and specific jurisdiction.

/ / /

**A. General Jurisdiction**

This Court lacks general jurisdiction because Plaintiff has not shown that Defendants have "continuous and systematic general business contact" with the State of Arizona. Helicopteros, 466 U.S. at 416. Generally, a state has general jurisdiction over an entity when the entity is incorporated in that state, has a voluntary presence in that state, or has continuous and systematic contact with that state. Perkins, 342 U.S. at 438; Helicopteros, 466 U.S. at 416. "The level of contact required for general jurisdiction is quite high." Williams v. Lakeview Co. 199 Ariz. 1, 3 (Ariz. 2000). When a corporation is physically present in Arizona, Arizona may exert general jurisdiction over that corporation. See Perkins, 342 U.S. at 438. A corporation has continuous and systematic conduct with a state when its conduct is so pervasive that it warrants the inference that it is present in that state. Int'l Shoe, 326 U.S. at 318. However, when a corporation simply purchases goods in a state over a period of time, the state can not extend general jurisdiction. Helicopteros, 466 U.S. at 416.

Defendant corporations are not incorporated in Arizona. (Doc. 11 at 2) Defendants' only alleged contacts with Arizona were the telephone, mail and facsimile communications that gave rise to this lawsuit. (Doc. 12 at 4-6) Those contacts occurred during a finite period of time. Id. During that time, Defendants sent banking records and documents to Plaintiff via mail and facsimile and communicated with Plaintiff by telephone so that Plaintiff could provide services to Defendants. Id. This activity can not be characterized as "continuous and systematic," and thus, the Court finds that general jurisdiction does not exist.

**B. Specific Jurisdiction**

This Court can assert specific jurisdiction over Defendants because (1) Defendants acted in Arizona by entering into a contract with Plaintiff, an Arizona corporation, (2) this claim arises out of that contract, and (3) exercising jurisdiction is reasonable. Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987). Specific jurisdiction allows courts to assert jurisdiction over a defendant who has sufficient minimum contacts with the forum state when those contacts gave rise to the litigation. Specific jurisdiction

exists when (1) the non-resident defendant purposefully directs its activities or consummates some transaction with the forum or a resident thereof; or performs some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim arises out of or results from the defendant's activities in the forum and (3) exercising jurisdiction is reasonable. Id. All three elements are met in the instant case and therefore this court can assert specific jurisdiction over Defendants.

### 1. Purposeful Availment

Plaintiff has shown that Defendants purposefully availed themselves of the benefits and privileges of conducting activities in the State of Arizona. When a defendant enters into a contract to be performed in a forum, it has purposefully availed itself in the forum state. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). Conduct should be such that the defendant reasonably anticipates being hailed into court in the forum. World-Wide Volkswagon Corp. V. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559 (1980). Even if a defendant has not maintained a physical presence in a forum state, that state may still exercise specific jurisdiction over him. Id. When a defendant enters into a contract that creates a continuing obligation to a resident of another state, the defendant has purposely availed himself of the benefits and privileges of that state and should reasonably expect to be hailed into court there. See Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Hirsch v. Blue Cross, Blue Shield of Kansas City, 800 F.2d 1474, 1478-79 (9th Cir. 1986). For example, a contract for services to be performed in the forum state constitutes personal availment since the fulfillment of the contract will be performed in that state over an extended period of time. See Roth v. Garcia Marquez, 942 F.2d 617, 622 (9th Cir. 1991); Hirsch, 800 F.2d at 1478-79. On the contrary, a contract for a one-time purchase of goods does not constitute personal availment in a forum since the purchase does not create a continuing obligation of performance in the forum. Thomas P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica, 614 F.2d 1247 (9th Cir. 1980). Here, Defendants did not

1  make an isolated purchase of goods.  Defendants entered into a contract for Plaintiff's
2  services and knew that those services would be performed in Arizona.  Even if the
3  plaintiff is the one who initially 'reaches out' to the out-of-state defendant to begin the
4  contractual relationship, the defendant still purposely avails himself when he enters into a
5  contract with the plaintiff that creates a continuing relationship and obligation.  Roth, 942
6  F.2d at 622.  Defendants are correct in their assertion that purposeful availment must be a
7  purposeful action by a defendant and cannot be a unilateral action by a person who claims
8  some relationship with a nonresident defendant.  Hirsch, 800 F.2d at 1478-79.  However,
9  a defendant takes a purposeful and autonomous action when he enters into a contract.  Id.
10 Although Plaintiff solicited Defendants, Defendants nevertheless entered into a contract,
11 received and benefitted from Plaintiff's services.  Defendants' argument that they did not
12 take a deliberate action because Plaintiff solicited them does not effect the determination
13 of purposeful availment.

14      Defendants do not contradict Plaintiff's contention that they entered into a
15 contract with Plaintiff.  Neither do Defendants contradict that this contract created a
16 relationship with Plaintiff that lasted over an extended period of time - in this case for
17 over one year.  Because Defendants entered into a contract for services to be performed
18 in Arizona that cannot be fairly characterized as a one time purchase of goods,
19 Defendants purposely availed themselves of the benefit and privilege of conducting
20 activities in Arizona.  Defendants rely on Gonzales Corp. to support their contention that
21 mail and telephone communications do not amount to purposeful activity within the
22 forum. (Doc. 11 at 6)  In Gonzales Corp., however, the defendant was purchasing grain
23 from the plaintiffs rather than contracting for services to be performed in the forum.  614
24 F.2d at 1249.  Additionally, in Gonzales Corp., the forum state was not the source or the
25 destination of the grain purchased.  Id.  In the instant case, Defendants entered into a
26 contract for services to be performed by Plaintiff in Arizona rather than a contract for the
27 purchase of goods.  Defendants also rely on Davis v. American Family Mutual Ins. Co.,
28 861 F.2d 1159 (9th Cir. 1988), where the court found that the defendant insurance

1 company was not subject to personal jurisdiction in Montana when it hired an
2 independent multi-state adjustment firm with an office in Montana to investigate and
3 adjust an accident that occurred between the plaintiff and the defendant's client in North
4 Dakota. In <u>Davis</u>, the defendant hired the adjustment firm to fulfill an obligation to a
5 client in North Dakota that arose as a result of an accident in North Dakota. <u>Id.</u> at 1248.
6 Thus, the defendant in <u>Davis</u> was not deliberately interjecting itself into Montana. The
7 court noted that the defendant's contacts with Montana "resulted soley from the fact that
8 [the plaintiff] returned to his home in Montana after the accident." <u>Id.</u> Unlike the
9 situation in <u>Davis</u>, Defendants in the instant case deliberately hired an Arizona
10 corporation to perform work that they knew would be completed in Arizona. Finally,
11 Defendants rely on <u>Peterson v. Kennedy</u>, 771 F.2d 1244 (9th Cir. 1985) where the court
12 found that exercising personal jurisdiction was inappropriate when the defendants only
13 contact with the forum was telephone calls to the plaintiff. <u>Id.</u> at 1261. In the instant
14 case, Defendants relationship with Plaintiff was not limited to telephone calls and
15 mailings. Defendants entered into a contract with Plaintiff for services to be performed in
16 Arizona.

### 2. Plaintiff's Claims Arise Out of Defendants' Forum Related Activities

18 Plaintiff has also shown that its claims arise out of Defendants' contacts with the
19 forum. A claim arises out of a defendant's contacts with the forum when the claim would
20 not have arisen "but for" the defendant's actions in the forum. <u>Panavision Int'l v.</u>
21 <u>Toeppen</u>, 141 F.3d 1316, 1322 (9th Cir. 1998). Here, Plaintiff's alleged harm is
22 Defendants' non-payment of an approximately $200,000 invoice for Plaintiff's services.
23 (Doc. 12 at 11) Defendants entered into a contract with Plaintiff to review documents and
24 then mailed the documents to Plaintiff for review. (Doc. 1 at 2-4) But for this
25 arrangement, which is the basis of Plaintiff's complaint, Plaintiff would not have suffered
26 the harm alleged.

### 3. Reasonableness of Exercising Jurisdiction over Defendants

28 Plaintiff has shown that exercising jurisdiction over Defendants is reasonable.

The Ninth Circuit considers seven factors when determining whether exercising specific jurisdiction is reasonable: (1) the extent of defendant's purposeful interjection into the forum state, (2) the burden on defendant, (3) the conflicts of the law between the forum state and defendant's home jurisdiction, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. Terracom v. Valley Nat'l Bank, 49 F.3d 555, 561 (9th Cir. 1995). In the instant case, the extent of Defendants' purposeful interjection into Arizona, the minimal burden on Defendants, the lack of conflict with Defendants' home state, Arizona's interest in adjudicating the dispute and the Court's interest in efficiency weigh in favor of finding jurisdiction reasonable.

  First, the extent of the Defendant's purposeful interjection into the forum state supports a finding of reasonableness. The "smaller the element of purposeful interjection, the less is jurisdiction to be anticipated and the less reasonable is its exercise." Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1487-88 (9th Cir. 1993). While a defendant's purposeful interjection may be sufficient to meet the purposeful availment test, it may not be sufficient to indicate reasonableness. Id. at 1488. For example, when Swedish doctors published libelous articles about a California corporation in an international medical journal, the court found that they had purposely availed themselves of the benefits and privilege of conducting activities in California, but had not interjected themselves into the forum state in a way that indicated jurisdiction was reasonable. Core-Vent, 11 F.3d at 1482. However, when a defendant knowingly conducts activities in a specific forum, exercising jurisdiction is reasonable. Panavision, 141 F.3d at 1323. The Ninth Circuit found in Panavision that this factor weighed strongly in the plaintiff's favor when the defendant knowingly interacted with the plaintiff in the forum state. Id. As previously stated, Defendants knowingly entered into a contract with an Arizona corporation and communicated with the Arizona corporation by mailing documents to Arizona. (Doc. 11 at 5) Because Defendants knew that Plaintiff was an Arizona corporation and knowingly

entered into a contract with Plaintiff, this factor weighs in favor of reasonableness.

Second, defending the instant action in Arizona places only a slight burden on Defendant. There may be a burden on the defendant when the defendant does not have an ongoing connection or relationship with the forum state. Core-Vent, 11 F.3d at 1488. However, the fact that local litigation might be inconvenient or that some other forum may be more convenient is not enough for a court to find that this factor weighs against a finding of reasonableness. Sher v. Johnson, 911 F.2d 1357, 1365 (9th Cir. 1990). Litigation must be so gravely difficult that it puts the defendant at a severe disadvantage in comparison to his opponent. Id. The burden on the defendant is examined in light of the corresponding burden on the plaintiff. Brand v. Menlove Dodge, 796 F.2d 1070, 1075 (9th Cir. 1986). When a forum poses a slight inconvenience on the defendant, non jurisdictional methods of lessening the inconvenience are preferred. Sinatra v. Nat'l Enquirer, 854 F.2d 1191, 1199 (9th Cir. 1988). Here, Defendants argue that defending the instant action in Arizona would be considerably burdensome because they are "Minnesota companies, headquartered in Minnesota." (Doc. 11 at 8) However, "modern advances in communication and transportation have significantly reduced the burden" of litigating in other forums. Sinatra, 854 F.2d at 1199. While Arizona may not be Defendants' preferred forum, the burden to defend the action in Arizona is not so great as to constitute deprivation of due process. Therefore, the second factor weighs in favor of finding jurisdiction reasonable.

Third, there is no conflict of sovereignty with the Defendants' state. The conflict between the laws of the defendant's home state is not a very significant factor in cases involving only U.S. citizens since conflicting policies between states are settled through choice of law analysis, not through loss of jurisdiction. Brand, 796 F.2d at 1076 n. 5. Here, Defendants are incorporated in Minnesota. Therefore, in determining whether it is reasonable to exercise jurisdiction, this factor weighs in favor of reasonableness.

Fourth, the State's interest in adjudicating the dispute weighs in favor of finding jurisdiction reasonable. Arizona has an interest in adjudicating claims that arise out of

1  events in Arizona.  Here, Plaintiff, an Arizona corporation, alleges that it performed work
2  in Arizona for which it has not been paid.  (Doc. 1)  Accordingly, this factor weighs
3  towards a finding of reasonableness.
4  Fifth, Arizona is likely the most efficient forum for judicial resolution of the present
5  case.  "The site where the events in question took place or where most of the evidence is
6  located usually will be the most efficient forum."  Brand, 796 F.2d at 1070.  However,
7  this factor is no longer weighed heavily given the modern advances in transportation and
8  communication.  Caruth v. Int'l Psychoanalytical Ass'n, 59 F.3d 126, 129 (9th Cir. 1995).
9  While Defendants' headquarters are located in Minnesota, Plaintiff and the work
10 performed under the contract at issue are located in Arizona.  (Doc. 14 at 5-6)  Thus, this
11 factor weighs slightly in favor of reasonableness.
12 Sixth, the importance of the forum to Plaintiff's interest in convenient and effective
13 relief is likely minimal.  Even though maintenance of a suit may be inconvenient outside
14 of the plaintiff's chosen forum, the plaintiff must show that his claim cannot be remedied
15 in an alternative forum.  See Sinatra, 854 F.2d at 1200 (stating that even though the
16 "location of the evidence and witnesses argues for the maintenance of the suit" in the
17 chosen forum, "this factor does not necessarily weigh in favor" of the forum state without
18 "further proof").  In the instant case, it may be slightly more costly for Plaintiff to litigate
19 in another forum, but Plaintiff has not shown any significant reason why the claim cannot
20 be remedied in an alternative forum, therefore, this factor weighs against a finding of
21 reasonableness.
22 Finally, the Court considers whether an alternative forum exists.  The plaintiff bears
23 the burden of proving the unavailability of an alternative forum.  Core-Vent, 11 F.3d at
24 1490.  Plaintiff has not shown that its claims could not be effectively litigated in
25 Minnesota.  A "mere preference on the part of the Plaintiff for its home forum" does not
26 affect the analysis of this factor.  Core-Vent, 11 F.3d at 1490.  Thus, in balancing this
27 factor, the reasonableness of exercising specific jurisdiction weighs against the Plaintiff.
28 In balancing the factors above, this Court finds it reasonable to exercise specific

1 | jurisdiction over the non-resident Defendants.  The extent of Defendants' purposeful
2 | interjection into Arizona, the minimal burden on Defendants, the lack of conflict with
3 | Defendants' home state, Arizona's interest in adjudicating the dispute and the Court's
4 | interest in efficiency weigh in favor of finding jurisdiction reasonable.

### IV. CONCLUSION

The Court concludes that Plaintiff has satisfied the three-element specific jurisdiction test to establish that this Court has specific personal jurisdiction over Defendants.  Defendants acted in Arizona by entering into a contract for services with Plaintiff, an Arizona corporation, this claim arises out of that contract, and exercising jurisdiction is reasonable.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.  (Doc. 11)

DATED this 24th day of March, 2010.

_____
Mary H. Murguia
United States District Judge